Submitted on record and briefs October 24, 1980,
reversed and remanded January 16, 1981

CHILDREN'S SERVICES DIVISION,
*Petitioner,*

*v.*

ASHMAN,
*Respondent.*

(No. 562 and 579, CA 17835)

In the Matter of GARY ASHMAN,
*Petitioner,*

*v.*

CHILDREN'S SERVICES DIVISION,
*Respondent.*

(No. 562 and 579, CA 18027)
(Cases Consolidated)

622 P2d 1126

James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William Gary, Deputy Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, filed the brief for petitioner in case No. 17835.

Gary N. Ashman, Mercer Island, Washington, filed the brief for respondent, Gary Ashman, pro se, in case No. 17835.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

This is the second time that this case has been before us. In our prior decision, Ashman v. Children's Services Division, 37 Or App 865, 588 P2d 665 (1978), we held that the Employment Relations Board (ERB) had erred in affirming respondent Gary Ashman's dismissal from the Children's Services Division (Division) without considering Ashman's allegations that his firing was made in bad faith. Specifically, we directed the Board to reconsider its prior decision and determine whether or not Ashman's dismissal had been made in "bad faith" at either or both of two levels, *viz.,* the level at which he was given an order to transfer to a position of another class in Portland and the level at which the decision was made to dismiss him after he refused the transfer. Our mandate issued on March 13, 1979.

In response to our mandate, the Board entered the following Findings of Fact and Conclusions of Law:

#### *"FINDINGS OF FACT*

"1.  At the time of the action here under review, Appellant was employed in the Respondent's Staff Development and Training Section in Salem in a position classified as Informational Representative 3. His position was funded from a vacant, budgeted Program Executive 2 position in Respondent's Multnomah County Regional Office. The Program Executive 2 position had been a Regional Trainer position. Appellant was transferred to this position on August 16, 1976, from the position of Public Information Officer for the Respondent. Appellant did not grieve or refuse that transfer.

"2.  A decision was made by the Administrator of the Respondent, on the basis of agency priorities, to move the position occupied by the Appellant back to Multnomah County and fill it as a Program Executive 2, Regional Trainer. Respondent and the State Personnel Division determined that Appellant had the necessary experience and training to fill the position at the Program Executive 2 level.

"3.  The class of Informational Representative 3 is assigned salary range 21. The class of Program Executive 2 is assigned salary range 24.

"4. On January 7, 1977, Appellant was notified that his position was being transferred to Portland and reclassified upward to Program Executive 2. Appellant was advised that he would transfer with the position.

"5. Appellant declined the Regional Trainer position and the geographic transfer to Portland.

"6. On April 11, 1977, Respondent notified Appellant that he was suspended without pay on April 13, 1977, with dismissal effective April 26, 1977.

"7. Appellant testified that he was willing to go to Portland, but that he did not want the Regional Trainer position because he did not believe that he was qualified for the position.

"8. ORS 240.535 provides:
'An appointing authority may at any time assign an employe from one position to another position in the same class or rank in his division of the service. * * *'

"9. ORS 240.545 provides:
'No employe shall be transferred from a position in one class to a position in another class of higher rank or for which there are substantially dissimilar requirements for appointment unless he is appointed to such latter position after certification of his name from a list in accordance with the provisions of this chapter.'

"10. The experience and training required by the class specification for Informational Representative 3 are as follows:
'Three years of experience in newspaper, magazine, or radio journalism or in work involving varied public contacts in the interpretation * * * of programs; and graduation from a four-year college or university with specialization in journalism or the technical functions of the employing department; or a satisfactory equivalent of experience and training.'

"11. The experience and training required by the class specification for Program Executive 2 are as follows:
'Equivalent to: A Bachelor's degree; and three years of experience involving steadily increasing management responsibility; or three years experience in a staff technical or professional function related to a program of the employing agency. Preference may be given for candidates who, in the course of obtaining the specified experience and training, have experience in activities similar to those of the employing agency.'

## *"CONCLUSIONS OF LAW*

"Respondent transferred Appellant in good faith and for the good of State service. Respondent needed the Regional Trainer position (Program Executive 2) in its Multnomah County Regional Office; it did not need Appellant's position in the Salem office.

"The Personnel Division is empowered to reclassify positions. Respondent requested the Personnel Division to reclassify Appellant's position. Although the Personnel Division's analysis of whether the request was properly one to reclassify a position or one to abolish a position and re-establish it in Portland (see discussion, *infra)* left much to be desired, this Board cannot conclude that Respondent's efforts to reclassify the position were in bad faith. Furthermore, although there is disagreement as to the extent of Appellant's qualifications for the Regional Trainer position, it appears that he was, at least, minimally qualified for the position. In trying to determine Respondent's 'state of mind,' it should be noted that the result of Respondent's acts was to transfer Appellant to a higher paying job in an area in which he preferred to live. Also noted is the fact that Respondent notified Appellant of the transfer in writing and advised him as to the implications of his refusal to accept the transfer.

"Notwithstanding our conclusion that Respondent's decision to transfer Appellant was made for the good of state service and in good faith, the suspension and dismissal actions are hereby set aside. Appellant could not be required, under ORS 240.545, to transfer. Qualifications for the two positions differed and the salary level of the position was three (3) levels higher than the old position. *Robbins, [v. Executive Dept., post]* holds that when a proposed transfer is not to a position of the same class or rank, an employe cannot be required, at the risk of being dismissed for insubordination if he refused, to accept a different position. Therefore, Appellant had the right to decline the transfer and his declination was not insubordination.

"Respondent also argues that Appellant was the incumbent of a reclassified position, that the provisions of ORS 240.530 apply and, therefore, that the transfer was legal. We disagree. The Informational Representative 3 position in Salem was abolished and the Program Executive 2 position was re-established in the Multnomah County Regional Office. The budgeted position was reclassified for

budget purposes, but there was no continuity of duties between the two jobs. ORS 240.530 provides, in part, that:

'[A]n incumbent of a reclassified position *may* be retained in the position under the new classification, or advanced thereto if he passes a non-competitive test for the new position.' (Emphasis supplied.)

"Assuming *arguendo* that the action here was in fact a reclassification of the position, Appellant could not be required, at the risk of being dismissed for insubordination, to accept the position because it was a substantially different class and rank which further involved a transfer to another geographic location. *Robbins, supra.*

*ORDER*

"The suspension and dismissal actions are hereby set aside. Respondent is directed to reinstate the Appellant effective April 13, 1977, with back pay and all other rights and benefits he would have earned had he remained continuously employed by Respondent since April 13, 1977, as an Informational Representative 3, less any unemployment benefits received and less all earnings from other sources since April 13, 1977."

One member of the Board concurred in part and dissented in part. While agreeing that the dismissal could be set aside for the grounds stated by the majority, he was of the opinion that the entire process of transfer and dismissal had not been undertaken in good faith and would therefore reverse the dismissal on that ground.

Petitioner, Children's Services Division, seeks judicial review of the Board's order and advances three theories:

(1)   The Board erred in failing to follow the mandate of this court;

(2)   The Board erred in accepting the reasoning of this court in *Robbins v. The Executive Department*, 34 Or App 803, 580 P2d 194 (1978), as dispositive of the issue before it; and

(3)   Our decision in *Robbins* should be re-examined.

Petitioner first claims that the ERB has not made a finding mandated by our prior decision in this case, *viz.*, a finding as to whether or not the decision to fire Ashman

was made in good faith, and its ruling should therefore be reversed.

■ Petitioner has advanced no case authority to support its position, and we are aware of none. Petitioner's complaint is that the ERB chose to consider a new ground for invalidating the dismissal of Ashman which had not been considered at its prior hearing. However, it does not appear from this record that either of the parties was denied a full opportunity to address this new theory, and we perceive no legal reason why the ERB should be denied categorically the right to reassess its order on a new ground.

The Petitioner's second and third assignments of error are related to the same subject, and may be discussed together. Basically, the Division objects to the ERB's reliance upon *Robbins v. The Executive Department, supra,* in reaching its conclusion that the dismissal of Ashman should be set aside. In *Robbins* this court overturned an order of the ERB affirming the dismissal of an employee of the executive department. We held that, under the facts of that case, the employee in question had been entitled to refuse a geographic transfer to a position of a different class and rank. 34 Or App at 808. However, in reaching our conclusion in *Robbins,* we did not have the benefit of the Supreme Court's analysis in its later opinion in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), which case delineates the distinction between the policy making function to be performed by an administrative body and the review function to be performed by an appellate court. Petitioner argues that our ruling in *Robbins* was inconsistent with *McPherson,* in that we invaded the policy making authority of the ERB by determining, in that particular case, that the refusal of an employee in Bend to accept a transfer to a position of a different class and rank in Salem was not "insubordination."

■ We agree with the Division that, to the extent our opinion in *Robbins* purported to decide whether or not the decision of the employee in that case not to accept a transfer was "insubordination," we were making a value judgment. Under *McPherson,* such a value judgment is to be made by the ERB, and not by this court.

Turning to the present case, we find that the ERB adopted our reasoning in *Robbins,* including our conclusion that the refusal to transfer was not insubordination, without indicating whether the Board was making an independent determination on the insubordination question or, indeed, was following our conclusion on that issue in *Robbins* because it felt bound by *Robbins.* If it was doing the former, the result it reached should be affirmed. If the latter, then it was mistaken as to its own authority.

■     Because the decision on "insubordination" is a decision for the Board, rather than for us, it is necessary for us once again to remand this case to the Board for consideration of that question. If the Board intended to make the decision on its own and merely cited *Robbins* as an explanation of the analysis the Board itself was following, then it need do no more than say so. If, on the other hand, the Board felt bound by our decision in *Robbins,* then it is now advised by this opinion that it is not bound by *Robbins* and may reach its own conclusion with regard to the insubordination question.

Reversed and remanded for reconsideration in light of this opinion.[1]

---

[1] Due to the disposition we make of this case, we are not required to deal with petitioner's further contentions with respect to the concept of "work now, grieve later." These arguments must be addressed to the Board, not to us.