Argued and submitted December 2, 1981, affirmed July 21, 1982

ASHMAN,
*Petitioner,*
*v.*
CHILDREN'S SERVICES DIVISION,
*Respondent.*

(562, 563; CA A21865)

648 P2d 400

Gary N. Ashman, Tucson, Arizona, filed the brief pro se for petitioner.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

For the third time we are asked to review an order of the Employment Relations Board (ERB) relating to the discharge of petitioner on the ground of insubordination because of his failure to comply with written instructions to report to a new work assignment in Portland. The background of the dispute is set forth in our first opinion, *Ashman v. Children's Services Division,* 37 Or App 865, 588 P2d 665 (1978), in which we held that ERB's order affirming the dismissal was deficient in that it failed to address Ashman's contention that his dismissal was made in bad faith. We reversed and remanded the case to ERB with instructions to reconsider its decision and determine whether the dismissal was made in bad faith, either at the time Ashman was given an order to transfer or at the time the decision was made to dismiss him after he refused the transfer.

On remand, ERB made additional findings, from which it concluded that CSD transferred appellant in good faith and for the good of the state service. It did not address the question whether the dismissal of Ashman was made in good faith; instead, ERB set aside the dismissal, because this court had held in *Robbins v. Executive Dept.,* 34 Or App 803, 580 P2d 194, *rev den* 284 Or 80-a (1978), that Robbin's refusal to accept a similar transfer did not constitute insubordination.

On CSD's petition for review, *Children's Services Division v. Ashman,* 50 Or App 161, 622 P2d 1126 (1981), CSD contended that ERB erred in failing to follow our mandate by refusing to make a finding as to whether the decision to fire Ashman was made in good faith, and also erred in following our decision in *Robbins,* which, it contended, was erroneous. We held that ERB was entitled to consider a new ground for decision on remand without considering whether Ashman's dismissal was made in good faith; however, we concluded that our decision in *Robbins* did not square with the Supreme Court's later decision in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). We also concluded that whether the refusal of the employe to accept a transfer was insubordination was a value judgment to be made by ERB, not by this court.

Accordingly, we reversed and remanded the case once more for ERB to make a determination of its own, independent of what we said in *Robbins,* and to reach its own conclusion with regard to whether petitioner's conduct amounted insubordination. On the second remand, ERB considered the matter based on its earlier findings of fact entered following the first remand, from which it concluded that petitioner's refusal to obey the written instructions of his supervisor constituted insubordination, even though the transfer order might later be adjudged to be wrongful.

Now petitioner contends that the Board erred in failing to follow our first mandate on remand in *Ashman v. Children's Services Division, supra; however, that mandate was superseded by our mandate in Children's Services Division v. Ashman, supra.* The Board complied with our second mandate, and its order is affirmed.